UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID DICHIARA AND )
ALICIA DICHIARA, )
        Plaintiffs, )
)
Vs. )   CIVIL ACTION NUMBER:
)
RDM TECHNOLOGIES, INC., )
NEPTUNE CHEMICAL PUMP CO., INC., )
AND KHS, INC., )
        Defendants. )

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Answering the plaintiffs, **DAVID DICHIARA AND ALICIA DICHIARA'S**, Complaint, the defendant, **R.A. INDUSTRIES, INC. (successor by merger of NEPTUNE CHEMICAL PUMP CO., INC.)**, admits, denies and alleges as follows:

**COUNT I: (DAVID DICHIARA V. RDM)**

This Count does not contain a prayer for relief against the defendant, Neptune Chemical Pump Co., Inc.; as such, said defendant is not required to respond. If it is later determined that said defendant is required to respond to the allegations contained in this Count, said defendant denies each and every allegation contained in this Count.

**COUNT II: (ALICIA DICHIARA V. RDM)**

This Count does not contain a prayer for relief against the defendant, Neptune Chemical Pump Co., Inc.; as such, said defendant is not required to respond. If it is later determined that said defendant is required to respond to the allegations contained in this Count, said defendant denies each and every allegation contained in this Count.

**COUNT III: (DAVID DICHIARA V. NEPTUNE)**

    1.    The defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph.

2. The defendant admits that it was a foreign corporation with a principal place of business in Lansdale, PA, that has merged into its former parent corporation, R.A. Industries, Inc.. The remainder of this paragraph contains conclusions of law; and as such the defendant is not required to respond. If it is later determined that such a response is necessary, said defendant denies each and every allegation contained in the remainder of this paragraph.

3. This paragraph contains conclusions of law; and as such, the defendant is not required to respond. If it is later determined that such a response is necessary, said defendant denies each and every allegation contained in this paragraph.

4. The defendant denies the allegations contained in this paragraph.

5. The defendant denies the allegations contained in this paragraph.

6. The defendant denies the allegations contained in this paragraph.

7. The defendant denies the allegations contained in this paragraph.

8. The defendant denies the allegations contained in this paragraph.

**COUNT IV: (ALICIA DICHIARA V. NEPTUNE)**

1. The defendant repeats and reavers Count III herein. The defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in the second sentence of this paragraph.

2. The defendant denies the allegations contained in this paragraph.

**COUNT V: (DAVID DICHIARA V. KHS, INC.)**

This Count does not contain a prayer for relief against the defendant, Neptune Chemical Pump Co., Inc.; as such, said defendant is not required to respond. If it is later determined that said defendant is required to respond to the allegations contained in this Count, said defendant denies each and every allegation contained in this Count.

## COUNT VI: (ALICIA DICHIARA V. KHS, INC.)

This Count does not contain a prayer for relief against the defendant, Neptune Chemical Pump Co., Inc.; as such, said defendant is not required to respond. If it is later determined that said defendant is required to respond to the allegations contained in this Count, said defendant denies each and every allegation contained in this Count.

### FIRST DEFENSE

The defendant states pursuant to M.R.C.P. 12(b)(6) that the plaintiff fails to state a claim upon which relief can be granted against the defendant.

### SECOND DEFENSE

And further answering, the defendant states pursuant to M.R.C.P. 12(b)(4) that the process was insufficient.

### THIRD DEFENSE

And further answering, the defendant states pursuant to M.R.C.P. 12(b)(5) that the service of process was insufficient.

### FOURTH DEFENSE

And further answering, the defendant states pursuant to M.R.C.P. 12(b)(2) that there is a lack of jurisdiction over the defendant.

### FIFTH DEFENSE

And further answering, the defendant states that the plaintiff is barred from recovery because this action was not brought within the time specified by the General Laws of this Commonwealth.

### SIXTH DEFENSE

And further answering, the defendant states that the plaintiff is not entitled to maintain this action for the reason that at the time set forth in the complaint the plaintiff was not in the exercise of due care and the damages alleged were caused in whole or in part by the negligence of the plaintiff to a degree greater than any alleged negligence of the defendant.

## SEVENTH DEFENSE

And further answering, the defendant states that the negligence of the plaintiff contributed in some degree to the cause of the accident; wherefore, the damages, if any, awarded to the plaintiff should be diminished and reduced in accordance with the law.

## EIGHTH DEFENSE

And further answering, the defendant states that the intervening act of a third party was the proximate cause of the alleged damage to the plaintiff.

## NINTH DEFENSE

And further answering, the defendant states that the negligent acts or omissions and/or breaches of warranties complained of were committed, if at all, by a third party for whose actions the defendant is not legally responsible.

## TENTH DEFENSE

And further answering, the defendant states that even if there was a defect in the product attributable to the defendant, which the defendant specifically denies, the plaintiff is barred from recovery because the plaintiff unreasonably proceeded to use the product known to be defective and dangerous, which conduct was the proximate cause of damage to the plaintiff.

## ELEVENTH DEFENSE

And further answering, the defendant states that if the defendant was in breach of any warranty to the plaintiff, which the defendant expressly denies, then the plaintiff has failed to give the defendant due and seasonable notice of said breach of warranty, to the prejudice of the defendant and the plaintiff is thereby barred from recovery.

## TWELFTH DEFENSE

And further answering, the defendant denies that any warranty or fitness for a particular purpose arose as the defendant denies it knew of the particular purpose for which the product was intended to be used by the plaintiff and the defendant further denies that the plaintiffs relied on the defendant, its agents' or servants' skill or judgment in selecting the product.

## THIRTEENTH DEFENSE

And further answering, the defendant states that even if the defendant developed, designed, manufactured, assembled, inspected, tested, packaged, distributed, advertised, marketed, provided with warnings/instructions, warranted and sold the product which is the subject matter of the complaint, allegations which the defendant specifically denies, then the plaintiff did not rely on said warranties in the purchase or use of said product.

## FOURTEENTH DEFENSE

And further answering, the defendant states that even if the defendant developed, designed, manufactured, assembled, inspected, tested, packaged, distributed, advertised, marketed, provided with warnings/instructions, warranted and sold the product which is the subject matter of the complaint, allegations which the defendant specifically denies, the product was defect free and conformed with the best technology reasonably available and feasible for use at the time of manufacture and sale.

## FIFTEENTH DEFENSE

And further answering, the defendant states that even if the defendant developed, designed, manufactured, assembled, inspected, tested, packaged, distributed, advertised, marketed, provided with warnings/instructions, warranted and sold the product which is the subject matter of the complaint, allegations which the defendant specifically denies, the plaintiff's injuries are as a result of an unforeseeable misuse of the product.

## SIXTEENTH DEFENSE

And further answering, the defendant states that there was and is no privity of contract between the defendant and the plaintiff.

## SEVENTEENTH DEFENSE

And further answering, the defendant states that the warranty/warranties alleged by the plaintiff did not arise under any contract with the defendant or any contract alleged or implied.

### EIGHTEENTH DEFENSE

And further answering, the defendant states that there was and is no consideration for the warranty/warranties alleged by the plaintiff.

### NINETEENTH DEFENSE

And further answering, the defendant states that there is a failure of consideration with respect to the warranty/warranties alleged by the plaintiff.

### TWENTIETH DEFENSE

And further answering, the defendant states that it denies that it made any warranties of and kind, express or implied, to the plaintiff or to any person, firm or entity from whom the plaintiff is entitled to claim.

### TWENTY-FIRST DEFENSE

And further answering, the defendant states that the alleged warranty/warranties, express or implied, which the plaintiff alleges were made on behalf of this defendant were void due to a lack of authority to make such warranties, express or implied, on the part of any person, firm or entity making such warranties.

### TWENTY-SECOND DEFENSE

And further answering, the defendant states that at the time of the alleged injury, the product was not being used for the purpose or in the manner contemplated by the defendant, but for some independent purpose of the plaintiff or for some independent purpose of a third person, firm or entity; wherefore, the recovery of the plaintiff is barred.

### TWENTY-THIRD DEFENSE

And further answering, the defendant states that any warranties, express or implied, which may have been made by the defendant had expired and were no longer in force and effect at the time of the alleged injury.

### TWENTY-FOURTH DEFENSE

And further answering, the defendant states that the plaintiff is barred from recovery because the equipment had been altered or modified by some third person, firm or entity.

-7-

## TWENTY-FIFTH DEFENSE

And further answering, the defendant states that if the defendant gave any warranties, expressed or implied, the terms of any expressed warranty specifically limited the remedies and damages which the purchaser of the product is entitled to recover from the defendant, and the rights of the plaintiff for such recovery are likewise limited.

## TWENTY-SIXTH DEFENSE

And further answering, the defendant states that any sale of the equipment / components described in the plaintiff's Complaint by this defendant to any person, firm or entity, was made as part of a commercial transaction and any warranties, express or implied, upon which the plaintiff relies were disclaimed by this defendant in the course of said commercial transaction.

## TWENTY-SEVENTH DEFENSE

And further answering, the defendant states that the plaintiff was not, to this defendant, a foreseeable user of the equipment described in the plaintiff's Complaint.

## TWENTY-EIGHTH DEFENSE

And further answering, the defendant states that at the time of the incident described in the plaintiff's Complaint, the plaintiff and the plaintiff's employer were in violation of law, which violation is causally related to the injury sustained by the plaintiff; wherefore, the recovery of the plaintiff is barred.

## TWENTY-NINTH DEFENSE

And further answering, the defendant states that the product, which is the subject matter of the plaintiff's complaint, has been spoliated, altered, lost, or destroyed or is otherwise not in the same condition as it was immediately subsequent to the accident, which is the subject matter of the plaintiff's Complaint; such spoliation, alteration, loss or destruction was solely caused by the plaintiff, his/her agents, servants or employees, or by a third party for whose actions the defendants are not legally responsible, all to the great prejudice of the defendant in the defense of the instant matter. Wherefore, the plaintiff's Complaint should be dismissed.

-8-

## THIRTIETH DEFENSE

And further answering, the defendant states that the plaintiff was a sophisticated user as defined in Carrel v. National Cord and Braid Corp., 447 Mass. 431, 852 N.E.2d 100 (2006), who fully appreciated all risks and hazards associated with the use of the product at issue to the same extent as any warning would have provided; as such, the plaintiff is barred from recovery.

### THE DEFENDANT CLAIMS A TRIAL BY JURY ON ALL ISSUES

R.A. Industries, Inc. (successor by merger of Neptune Chemical Pump Co., Inc.),

By Its Attorney:

Dated: August 15, 2008

_____
THOMAS B. FARREY, III
JAMES P. McLARNON, JR.
Burns & Farrey
446 Main Street
Worcester, MA 01608
Tel.: 508.756.6288
BBO: 159880A
      634568A

## CERTIFICATE OF SERVICE

I, Thomas B. Farrey, III, hereby certify that on August 15, 2008 a copy of the within Defendant's Answer to Plaintiff's Complaint was mailed postage prepaid to Alan L. Cantor, Esquire, Swartz & Swartz, 10 Marshall Street, Boston, MA 02108; Erik Peters, Esquire, Friedman Gaythwaite Wolf & Levaitt, Six City Center, Post Office Box 4726, Portland, ME 04112; Peter M. Durney, Esquire, Cornell & Gollub, 75 Federal Street, Boston, MA 02110.

JPM/mm
(5)

_____
THOMAS B. FARREY, III
JAMES P. McLARNON, JR.